FILED
2008 Oct-24 AM 08:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2008 OCT 22 PM 3 12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOM KUNSTMANN, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. _____ JURY DEMAND |
| AARON RENTS, INC. and ) AARON'S SALES AND LEASE ) OWNERSHIP, ) ) | CV-08-AR-1969-S |
| Defendants. ) | |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Tom Kunstmann files this lawsuit against Defendants Aaron Rents, Inc. and Aaron's Sales and Lease Ownership for himself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendant Aaron Rents, Inc. is a corporation conducting business in the State of Alabama. Upon information and belief, Defendant Aaron's Sales and Lease Ownership is a subsidiary of Aaron Rents, Inc.

2. Plaintiff Kunstmann currently resides in Anniston, Alabama.

3. At all times material to this action, Plaintiff Kunstmann was employed by Defendants at their Anniston, Alabama, store as a General Manager.

4. This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq*. and specifically the

1

collective action provision of the Act found at § 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendants which have deprived Plaintiff and others similarly situated to plaintiff of their lawful wages.

5. This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the plaintiff and all employees and former employees of Defendants who are similarly situated, pursuant to the FLSA. For at least three years prior to filing this complaint, Defendants have had a uniform policy and practice of consistently requiring its General Managers to work over 40 hours a week for a salaried amount without overtime compensation.

6. Plaintiff was employed with Defendants in the position of General Manager. However, Plaintiff's managerial duties were non-existent or extremely minimal as compared to other job duties regularly performed. The General Managers, including Plaintiff, perform minimal if any managerial duties. All, or nearly all, of their time is spent performing non-managerial functions, including, but not limited to the following: unloading and loading the trucks, placing the stock on the floor according to a pre-determined plan, making phone calls for collections according to a pre-determined plan, making visits to customers who are more than thirty days behind on their account to collect on the account.

7. Plaintiff and all similarly situated General Managers' primary duty did not consist of the management of the location where they worked; rather, that responsibility was left to the Regional Manager.

8. Plaintiff and all similarly situated General Managers did not customarily and regularly direct the work of two or more other employees.

9. Plaintiff and all similarly situated General Managers did not have the authority to hire and

fire Accounts Managers, Customer Service Representatives, Sales Managers or Product Technicians/Delivery Drivers, all of whom were hourly employees, did not have the authority to promote, give pay raises or discipline any hourly employees nor where their suggestions or recommendations as to the hiring, firing or promotion of employees always accepted or given any weight. The Regional Manager was empowered with this authority.

10. Plaintiff and all similarly situated General Managers did not customarily and regularly exercise discretionary powers. Those duties were handled by the Regional Manager.

11. Plaintiff and all similarly situated General Managers were paid a specified weekly salary. Plaintiff and all similarly situated employees were not paid any overtime compensation despite the fact that the employees always worked more than 40 hours a week and the vast majority of their hours were spent performing non-managerial job duties. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in the Northern District of Alabama, Southern Division under 28 U.S.C. § 1391(b).

13. Defendants are subject to personal jurisdiction in the State of Alabama for purposes of this lawsuit.

14. At all times material to this action, Defendants were and are enterprises engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

15. At all times relevant to this action, Defendants were the "employers" of Plaintiff as defined by § 203(d) of the FLSA.

3

16. At all times material to this action, Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

17. The provisions set forth in § § 206 and 207, respectively, of the FLSA apply to Defendants and all similarly situated General Managers who are or were covered by § § 206 and 207 of the FLSA during their employment by Defendants.

18. At all times relevant to this action, Defendants employed Plaintiff in the capacity of General Manager from October 2007 until April 2008.

19. Plaintiff and all similarly situated General Managers were required to perform non-managerial duties without overtime compensation.

20. Defendants have intentionally failed and/or refused to pay Plaintiff and other General Managers salary/rates according to the provisions of the FLSA.

21. Defendants' systems and practices relating to its non-payment of overtime to General Managers and the duties of General Managers, which deprive the Defendants of any FLSA overtime exemptions, have existed for at least three years through Defendants' businesses.

22. For at least three years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations and its own violations of the FLSA. Despite this knowledge, Defendants have failed to pay its employees the amount of pay as required.

23. Defendants have intentionally and repeatedly misrepresented the true status of managerial compensation to their General Managers as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. Plaintiff, as

4

well as all similarly situated present and former employees, relied upon these misrepresentations by Defendants and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

24. As a result of the actions of Defendants in fraudulently concealing the true status of their employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. § 255(a) is tolled for as long as Defendants engaged or engage in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendants are estopped from raising such statute of limitations as a bar.

25. There are numerous similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all General Managers and former General Managers of Defendants who have been employed with Defendants and have not been properly compensated, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

26. Defendants further have engaged in a wide-spread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated employees and former employees in accordance with § 207 of the FLSA.

27. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others similarly situated employees, have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

28. In addition to the amount of unpaid wages and benefits owed to the Plaintiff and all similarly situated employees, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and prejudgment interest.

29. Defendants' actions in failing to compensate Plaintiff, as well as all other similarly situated employees and former employees, in violation of the FLSA, were willful.

30. Defendants have not made a good faith effort to comply with the FLSA.

31. Plaintiff, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

32. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this lawsuit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

33. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, prays for the following relief:

1. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees in all locations during the three years immediately preceding the filing of this suit and to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of this action, and of their right to opt into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. § 216(b).

2. Plaintiff, and all other potential plaintiffs, be awarded damages in the amount of their

respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

3. Plaintiff's and all other potential plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action;

4. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled;

5. Enter an Order requiring Defendants to make Plaintiff Kunstmann whole by awarding him reinstatement, front pay, lost wages (plus interest), liquidated, compensatory and punitive damages, loss of benefits including retirement, pension, seniority and other benefits of employment; and,

6. Plaintiff further demands a jury to try the issues when joined.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

*Susan Donahue*

Gregory O. Wiggins
Susan Donahue
*Attorneys for the Plaintiff*

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500
Fax: (205) 254-1500

7

**Defendants' Address**
Aaron Rents, Inc.
3001 N. Fulton Dr.
1100 Aaron Bldg
Atlanta, GA 30363

Registered Agent:
CSC-Lawyers Incorporating Service
150 South Perry Street
Montgomery, AL 36104