# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TOM KUNSTMANN, <br> on behalf of himself and <br> all others similarly situated, <br> <br> Plaintiff, <br> <br> v. <br> <br> AARON RENTS, INC. and <br> AARON'S SALES AND LEASE <br> OWNERSHIP, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Civil Action No.:** <br> **CV-08-AR-1969-S** |

## DEFENDANT'S ANSWER TO
## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Pursuant to Rules 8(c) and 12(a) of the Federal Rules of Civil Procedure, Defendant Aaron Rents, Inc.[1] ("Aarons") hereby files this Answer to Plaintiff's Collective Action Complaint ("Complaint"), respectfully showing the Court as follows:

---

[1] Defendant Aarons does business as Aaron's Sale and Lease Ownership, but Aaron's Sale and Lease Ownership is not a distinct legal entity. See infra Second Affirmative Defense, p. 1. To the extent that an answer should be filed for Aaron's Sale and Lease Ownership, this Answer constitutes the responsive pleading of Aaron's Sale and Lease Ownership. In addition, pursuant to Rule 9 of the Federal Rules of Civil Procedure, Aaron's Sale and Lease Ownership asserts that it does not have the capacity to be sued.

1

## FIRST AFFIRMATIVE DEFENSE

Defendant Aarons does business as Aaron's Sales and Lease Ownership; however, Aaron's Sales and Lease Ownership is not a distinct legal entity and, therefore, is not a proper party to this action.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that Aaron's Sales and Lease Ownership is a proper party to this action, Plaintiff's Complaint against Aaron's Sales and Lease Ownership is barred due to insufficiency of process and/or insufficiency of service of process.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff is asserting a claim under the Fair Labor Standards Act ("FLSA") for compensation beyond the applicable statute of limitations, such claim is barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a two-year statute of limitations because Plaintiff cannot prove that any of his causes of action arise out of a willful violation of the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

Aarons acted at all times in good faith and in accordance with the FLSA in classifying Plaintiff and other similarly situated General Managers as exempt

based upon their duties and responsibilities. Aarons has neither intentionally nor willfully violated Plaintiff's rights in any manner nor acted maliciously or negligently with respect to Plaintiff or any aspect of his employment, and at no time has Aarons acted with any intent to injure Plaintiff. Aarons had reasonable grounds for believing that its acts and/or omissions with respect to Plaintiff were in compliance with the FLSA.

### SIXTH AFFIRMATIVE DEFENSE

Aarons' actions towards Plaintiff were taken in good faith and in reliance on a written administrative regulation, order, ruling, approval, or interpretation of the Wage and Hour Administration or designee.

### SEVENTH AFFIRMATIVE DEFENSE

Aarons properly classified Plaintiff and other similarly situated General Managers as exempt employees under Section 213(a) of the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is required by law to make reasonable efforts to mitigate his damages, if any.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated to other individuals who work as General Managers for Aarons.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for a trial by jury is barred by his written waiver of same.

## ELEVENTH AFFIRMATIVE DEFENSE

Aarons hereby reserves the right to amend this Answer, add additional affirmative defenses, or to withdraw any of the affirmative defenses stated herein after reasonable opportunity for appropriate discovery.

## TWELFTH AFFIRMATIVE DEFENSE

As to the allegations set forth in the individually numbered paragraphs of the Complaint, Aarons answers as follows:

1. Answering the allegations in paragraph 1 of the Complaint, Aarons admits that it is a corporation conducting business in the State of Alabama. Except as specifically admitted herein, all remaining allegations in paragraph 1 of the Complaint are denied.

2. Answering the allegations in paragraph 2 of the Complaint, Aarons is without knowledge or information sufficient to form a belief as to Plaintiff's residence and, therefore, denies the allegations set forth in paragraph 2 of the Complaint.

3. Aarons denies the allegations in paragraph 3 of the Complaint.

4. Aarons denies the allegations in paragraph 4 of the Complaint.

5. Aarons denies the allegations in paragraph 5 of the Complaint.

6. Answering the allegations in paragraph 6 of the Complaint, Aarons admits that Plaintiff was employed with Aarons in the position of General Manager. Except as specifically admitted herein, all remaining allegations in paragraph 6 of the Complaint are denied.

7. Aarons denies the allegations in paragraph 7 of the Complaint.

8. Aarons denies the allegations in paragraph 8 of the Complaint.

9. Aarons denies the allegations in paragraph 9 of the Complaint.

10. Aarons denies the allegations in paragraph 10 of the Complaint.

11. Answering the allegations in paragraph 11 of the Complaint, Aarons admits that Plaintiff and all similarly situated General Mangers are paid a specified weekly salary. Except as specifically admitted herein, all remaining allegations in paragraph 11 of the Complaint are denied.

12. Aarons admits the allegations in paragraph 12 of the Complaint.

13. Aarons admits that it is subject to personal jurisdiction in the State of Alabama for this lawsuit. Except as specifically admitted herein, all remaining allegations in paragraph 13 of the Complaint are denied.

14. Answering paragraph 14 of the Complaint, Aarons responds that paragraph 14 calls for a legal conclusion and, therefore, denies the allegations set forth in paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint, Aarons responds that paragraph 15 calls for a legal conclusion and, therefore, denies the allegations set forth in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, Aarons responds that paragraph 16 calls for a legal conclusion and, therefore, denies the allegations set forth in paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, Aarons responds that paragraph 17 calls for a legal conclusion and, therefore, denies the allegations set forth in paragraph 17 of the Complaint.

18. Aarons denies the allegations in paragraph 18 of the Complaint.

19. Aarons denies the allegations in paragraph 19 of the Complaint.

20. Aarons denies the allegations in paragraph 20 of the Complaint.

21. Aarons denies the allegations in paragraph 21 of the Complaint.

22. Answering the allegations in paragraph 22 of the Complaint, Aarons admits that it is aware of the FLSA and its corresponding regulations. Except as specifically admitted herein, Aarons denies all remaining allegations in paragraph 22 of the Complaint, including, but not limited to, any allegation that Aarons violated the FLSA or failed to pay its employees the amount of pay required.

23. Answering the allegations in paragraph 23 of the Complaint, Aarons is without knowledge or information to form a belief as to its employees'

(including Plaintiffs') reliance on any alleged misrepresentations or beliefs as to their status under the FLSA and, therefore, Aarons denies these allegations. Except as specifically responded to herein, all remaining allegations in paragraph 23 of the Complaint are denied.

24. Aarons denies the allegations in paragraph 24 of the Complaint.

25. Aarons denies the allegations in paragraph 25 of the Complaint.

26. Aarons denies the allegations in paragraph 26 of the Complaint.

27. Aarons denies the allegations in paragraph 27 of the Complaint.

28. Aarons denies the allegations in paragraph 28 of the Complaint.

29. Aarons denies the allegations in paragraph 29 of the Complaint.

30. Aarons denies the allegations in paragraph 30 of the Complaint.

31. Aarons denies the allegations in paragraph 31 of the Complaint.

32. Aarons denies the allegations in paragraph 32 of the Complaint.

33. Aarons denies the allegations in paragraph 33 of the Complaint.

34. Any allegation not specifically admitted herein is hereby denied.

Answering the WHEREFORE paragraph following paragraph 33 of the Complaint, Aarons denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Aarons requests that the Court enter an Order dismissing the Complaint in its entirety with prejudice, awarding Aarons its costs and expenses, including

reasonable attorney's fees, and awarding Aarons any other such relief as this Court deems just and proper.

Respectfully submitted this 22nd day of December, 2008.

*/s/ Stanford G. Wilson*
Stanford G. Wilson
Georgia Bar No. 769175 (*pro hac vice* pending)
swilson@elarbeethompson.com
Alisa P. Cleek
Georgia Bar No. 581063 (*pro hac vice* pending)
cleek@elarbeethompson.com
Adriana R. Midence
Georgia Bar No. 142298 (*pro hac vice* pending)
midence@elarbeethompson.com

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
Telephone: (404) 582-8446
Facsimile: (404) 582-8496


*/s/ Albert L. Vreeland*
Albert L. Vreeland
ASB-0066-V78A
avreeland@lehrmiddlebrooks.com

LEHR MIDDLEBROOKS & VREELAND, P.C.
2021 Third Avenue North
Birmingham, Alabama 35203
Telephone: (205) 323-9266
Facsimile: (205) 326-3008

**ATTORNEYS FOR DEFENDANT AARON RENTS, INC.**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TOM KUNSTMANN,** ) <br> on behalf of himself and ) <br> all others similarly situated, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> **AARON RENTS, INC. and** ) <br> **AARON'S SALES AND LEASE** ) <br> **OWNERSHIP,** ) <br>  ) <br> Defendants. ) | **Civil Action No.:** <br> **CV-08-AR-1969-S** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system, which will send notification and a copy of such filing to the following

>Gregory O. Wiggins
>Susan Donahue

Respectfully submitted this 22nd day of December, 2008.

>*/s/ Albert L. Vreeland*
>Albert L. Vreeland
>ASB-0066-V78A
>avreeland@lehrmiddlebrooks.com
>OF COUNSEL

9