IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOM KUNTSMANN et al., } | |
| } | |
|     Plaintiffs, } | |
| } | CIVIL ACTION NO. |
| v. } | 08-AR-1969-S |
| } | |
| AARON RENTS, INC., d/b/a, } | |
| AARON'S SALES AND LEASE } | |
| OWNERSHIP. } | |
| } | |
|     Defendant. | |

**MEMORANDUM OPINION**

This case comes before the court on the motion of the named plaintiff, Tom Kuntsmann, and nineteen other opt-in plaintiffs, who sue on behalf of themselves and other similarly situated employees (collectively "plaintiffs"), to facilitate notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* to all individuals holding the position of "general manager" within the last three years at employer-defendant, Aaron Rents, Inc., d/b/a, Aaron's Sales and Lease Ownership ("Aaron Rents"). Also before the court are cross-motions for sanctions and protective orders. On April 10, 2009, the court heard oral argument on all pending motions.

**Pertinent Procedural Facts**

Aaron Rents specializes in sales and lease ownership and has stores in forty-nine states. Def.'s Mot. to Facilitate Notice Resp. 11 (citation omitted). Aaron Rents has 109 "regions" in the United

States. *Id.* Each region is overseen by a regional manager who supervises approximately twelve stores. *Id.* (citation omitted).

The original named plaintiff, Tom Kuntsmann, filed his complaint on October 22, 2008. Since then, nineteen persons have filed consent forms opting into the action.[1] The named plaintiff and the putative class are current and former general managers of Aaron Rents (collectively "plaintiffs"). This action is brought to recover unpaid overtime compensation. Most of the plaintiffs have filed at least one declaration with the court.[2] *Inter alia*, plaintiffs declarations reflect the following: (1) plaintiffs contend that they and other similarly situated general managers were required to perform both managerial and non-managerial duties without receiving overtime compensation; (2) Aaron Rents had a uniform policy and practice of consistently requiring its general managers to work over 40 hours per week, generally 50-60 hours per

---

[1] The following is a list of the twenty plaintiffs, the respective state where they worked as a general manager, and whether or not they are "former" general managers or "current" general managers: Tom Kuntsmann (Alabama-former), Garry Smith (Alabama-former), John Day (Alabama-former), Susan Rogers (Alabama-former), Daniel Guedes (Illinois-former), Eric Keith (Alabama-former), Latanya Safford (Michigan-former), Brian Patton, Jr. (Alabama-current), Raymond Edward Dalzell (Alabama-former), Anthony Dudley (Alabama-former), James Hicks (Alabama-former), Teddy R. Wilson (Alabama-current), Jr., Anthony Riggans (Alabama-former), Michael W. Matthews (Georgia-former), Brian Thrash (Alabama-current), Frantonia Wesley (Alabama-current), Michael Jason Morrow (Mississippi-former), Chad Moody (Mississippi-former), Ray Brantley (Alabama-current), and Gordon E. McGlocklin, Jr. (Alabama-current). *See* Docs. 2,3,12,26,30,33,35.

[2] Tom Kunstmann, John Day, Garry Smith, Daniel Guedes, Eric Keith, Latanya Safford, Brian Patton, Jr., Raymond Edward Dalzell, Anthony Dudley, James Hicks, Michael W. Matthews, Teddy R. Wilson, Jr., Brian Thrash, Anthony Riggans, Frantonia Wesley, Ray Brantley, and Gordon McGlocklin have all filed at least one declaration. The court notes that these declarations are obviously form declarations. The declarations show minimal (if any) divergence from one another.

week, without overtime compensation; (3) the regional manager performed all important managerial job duties for each store, including approving any overtime hours and setting store hours; (4) general managers did not have any input in setting their store's payroll budget; (5) plaintiffs allege that "all, or nearly all" of their time was spent performing non-managerial functions; (6) all stores were basically the same in size and in layout; **(7)** the non-managerial manual tasks performed consist of (a) unloading and loading the trucks and placing stock on the floor, (b) placing stock on the floor according to a pre-determined plan, (c) making phone calls for collections according to a pre-determined plan, and **(d)** making visits to customers who were more than thirty days behind on their account to collect on the account; **(8)** there was only one "store policy and procedure manual" which all stores were to follow; **(9)** the inventory of store merchandise within each store was determined by corporate headquarters; and **(10)** there was only one general manager job description applicable to all general managers. *See* Pl.s' Compl., Pls.' Mot. to Facilitate Notice Attach. A, *and* Pls.' Mot. to Facilitate Notice Reply Ex. 1-12 (collectively "plaintiffs' allegations"). Only **five** plaintiffs declared, "**I was [(or "am")] paid on a salary basis. I have spoken with other General Managers who have told me that they are also paid on a salary basis**." Michael W. Matthews, Decl. ¶ 21, Apr. 2, 2009; Brian Thrash Decl. ¶ 21, Apr. 2, 2009; Frantonia Wesley Decl. ¶ 21, Apr.

3, 2009; Ray Brantley Decl. ¶ 21 Apr. 9, 2009; Gordon E. McGlocklin, Jr. Decl. ¶ 21 Apr. 9, 2009 (emphasis added).

Aaron Rents agrees with plaintiffs assertions (7(d)), (8), (9), and (10). Def.'s Mot. to Facilitate Notice Resp. 8. Aaron Rents also filed a copy of (10) the "standard general manager job description." *Id.* at Ex. A(1). Aaron Rents defends on several grounds, including the ultimate defense that all general managers are exempt employees under § 213(a) of the FLSA. *See* 29 U.S.C. § 213(a).

On February 9, 2009, plaintiffs filed their motion to facilitate nationwide notice. On February 24, 2009, Aaron Rents, through its regional managers, solicited approximately 856 form declarations from its approximately 1026 current general managers. Def.'s Mot. to Strike Resp. 4. On March 9, 2009, Aaron Rents responded with a memorandum of law containing voluminous exhibits, including the approximately 856 declarations. Of the 856 declarations, only 8 general managers indicated they spent less than 50% of their time on managerial duties. D. Chad Strickland, Decl. ¶ 16, Mar. 9, 2009. Aaron Rents also stresses that the declaration gathering process was "voluntary." *Inter alia*, Aaron Rents argues that the fact that the approximately 170 general managers, who were contacted on February 24, 2009, chose **not** to fill out the declaration indicates "voluntariness." *See id.* Plaintiffs dispute the voluntariness of the declaration gathering

4

process. Aaron Rents complains that the contact between plaintiffs' counsel and current general managers, particularly a letter dated March 13, 2009, from plaintiffs' counsel to current general managers, is a violation of a rule of professional conduct. *See* Def.'s Mot. to Strike Ex. H.

Three of the opt-in plaintiffs, Daniel Guedes, Frantonia Wesley, and Gordon E. McGlocklin, are among the approximately 856 general managers who filled out the February 24, 2009, declaration. Another opt-in plaintiff, Ray Brantley, is among the approximately 170 general managers who refused to sign the February 24, 2009, declaration. Fifteen of the nineteen plaintiffs worked at Aaron Rents stores in Alabama. *See supra* note 1. The other five worked at Aaron Rents stores in four states, namely Georgia, Illinois, Michigan, and Mississippi. *Id.* No other discovery has been conducted.

### Discussion

### A. Motion to Facilitate Notice

Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA. The court has the "discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential class members."[3] *Hoffman-LA Roche, Inc. v. Sperling*, 493

---

[3] Section 216(b) provides in pertinent part:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their

5

U.S. 165, 169 (1989). Before facilitating notice on the putative collective class, "the district court should satisfy itself that there are other employees . . . who **desire to 'opt-in'** and who are **'similarly situated'** with respect to their job requirements and with regard to their pay provisions." *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)(internal quotation marks in original; emphasis added). These are the general requirements recognized by the Eleventh Circuit. *See Hipp v. Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001)*, and Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240 (11th Cir. 2003). Collective actions proceed in two stages. The first stage is the "notice stage," where, under a "fairly lenient standard," courts typically grant notice usually based on only the pleadings and any affidavits. *Id.* at 1243 n.2. The Eleventh Circuit recently observed that granting notice is synonymous with conditionally certifying the class. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233,

---

unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought. . . .

1261 n.40 (11th Cir. 2008). A putative plaintiff must affirmatively "opt-in" to an action via written consent in order to toll the statute of limitations. *See, e.g., Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1244 (S.D. Ala. 2008). The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. *Id.* at 1261. Additionally, it is the plaintiffs' burden to demonstrate a "reasonable basis for his claim that there are other similarly situated employees." *Id.* at 1260 (internal quotation marks omitted; citations omitted).

### 1. Desire to Opt-In

At the notice stage, the court looks only to what the parties have filed. Aaron Rents filed 856 declarations from its current general managers in support of its response to the motion. The court does not pass on the relevance and/or admissibility, if any, of these affidavits going forward. However, to the extent they help to shape the scope of the putative class of **current** general managers, they are relevant here. The mere fact that 170, or roughly 16.5%, of Aaron Rents's current store managers did not sign the February 24 declaration is perhaps some evidence of a desire to opt-in by current general managers. Additionally, the fact that nineteen opt-in plaintiffs have filed consents to sue and most have filed at least one declaration indicates that there is some desire to opt-in. *See, e.g., Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265,

1269-70 (M.D. Ala. 2004). However, only six of the twenty plaintiffs who have opted-in are **current** general managers. All six of these opt-in current general managers are from Alabama. In other words, the class of current general managers in the other forty-eight states is unrepresented by the plaintiffs.

Of the **former** general managers who have opted-in, nine are from stores in Alabama, one from a store in Illinois, one from a store in Georgia, one from a store in Michigan, and two from stores in Mississippi. In other words, fourteen of an **unknown class of former** general mangers who worked at Aaron Rents within the last three years have opted in. Forty-four states are unrepresented.

A snapshot of these numbers reveals merely that fifteen Aaron Rents general managers in Alabama and a handful of general managers from four other states have an FLSA grievance. The court seriously doubts that this evidence should constitute a "reasonable basis" for facilitating **nationwide notice**. With great trepidation, the court will assume *arguendo* that this suffices as a demonstration of a desire to opt-in and will turn to the dispositive question, whether the general managers are similarly situated.

## 2. Similarly Situated

The parties dispute the legal standard for determining whether or not a putative collective action class is similarly situated. Aaron Rents argues:

> [A] plaintiff must either: (1) identify a "single decision, policy or plan" that allegedly resulted in the proposed class' improper treatment under the FLSA; **or** (2) "make some rudimentary showing of the commonality between the basis for his claims and that of the potential claims of the proposed class, **beyond the mere facts of job duties and pay provisions**." *See Saxton v. Title Max of Ala.*, 431 F. Supp. 2d 1185, 1188 (N.D. Ala. 2006); *Holt*, 333 F. Supp. 2d at 1270; *Tyler v. Payless Shoe Source, Inc.*, 2:05-cv-33, 2005 WL 3133763, at *3 (M.D. Ala. Nov. 23, 2005).

Def.'s Mot. to Facilitate Notice Resp. 7 (emphasis added). Here, on the evidence presented thus far, there is no express single decision, policy or plan by Aaron Rents. Thus, only the second portion of the test is at issue here. Plaintiffs argue that "the issue as to whether the **actual job duties performed** by a General Manger qualify the position to be an exempt position is not an issue currently before the Court and should only be addressed at the decertification stage and not at the pre-certification (notice) stage." Pls.' Mot. to Facilitate Notice 8 (emphasis added).

**a. Job Duties & Pay Provisions**

In two recent opinions by the Eleventh Circuit, the court placed the "beyond the mere facts and job duties" section of the opinion in the "decertification stage" section of the analysis. *See Morgan*, 551 F.3d at 1261-62, *and Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007)(citing *White v. Osmose*, 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002)). In *Osmose*, in ruling on a motion to facilitate notice, the court stated:

9

> [T]his court concludes that a plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions.

*Id.* at 1314. Further muddying the waters is the fact that the above-quoted legal conclusion of the *Osmose* court was implicitly drawn from the Eleventh Circuit's ruling in *Dybach*. In *Dybach,* **at the notice stage**, the court remanded the case to the district court with the instruction: "[T]he district court should satisfy itself that there are other employees of the defendant-employer **who desire to 'opt-in' and are 'similarly situated'** with respect to their **job requirements** and with regard to their **pay provisions**." *Osmose*, 204 F. Supp. 2d at 1312 (quoting *Dybach*, 942 F.2d at 1567-68)(internal quotation marks in original; emphasis added). Both *Holt*, 333 F. Supp. 2d at 1270, and *Tyler*, 2005 WL 3133763 at *3, quoted by Aaron Rents, cite directly to *Osmose's* "beyond the mere facts of job duties and pay provisions" language.[4]

It is understandable why the parties have a temporal disagreement regarding the proper inquiry at the notice stage. It is somewhat clear that the phrase "beyond the mere facts of job duties and pay provisions" sets the "floor" of a plaintiff's burden in a putative collective action. It is unclear, however, whether or

---

[4] In *Saxton*, also cited by Aaron Rents, the court stated that the test was "whether these employees are 'similarly situated' with respect to both their **job duties** and their **pay**." 431 F. Supp. 2d at 1187-88 (emphasis added).

not the burden should be imposed at the notice stage, or at the decertification stage, or at both stages. If it is, in fact, a requirement at both stages, as this court will hold, the question then becomes what is the varying degree, if any, of the plaintiffs' burden at each stage? Put another way, the spectrum of a plaintiff's (or plaintiffs') burden at the notice stage is arguably defined as: "At the notice stage, it is plaintiffs' burden to demonstrate more than mere similarity as to both job requirements and pay provisions, however, it is not necessary for plaintiffs to demonstrate similarity as to actual job duties performed and dollar amounts/benefits paid." Plaintiffs have colorably demonstrated some similarity regarding "job requirements." *See supra* plaintiffs' allegations. However, plaintiffs have failed to demonstrate similarity as to **"pay" or "pay provisions"** because the only evidence offered is that of the five opt-in plaintiffs who declared, "I was paid on a salary basis. I have spoken with other General Managers who have told me that they are also paid on a salary basis." Generously assuming that this evidence is admissible, that these five general managers were paid a **similar salary amount**, and that the **salary/benefit structure** is similar, there is nothing in the record to reflect how the other fifteen plaintiffs were paid, nor the other 1026 current general managers, nor the unknown class of former general managers. There must be some demonstration of similarity of pay provisions before the court

can grant the facilitation of notice. In light of evidence gathering in *Morgan,* the lack of evidence present here, and the reasons given above, it is appropriate for the parties to engage in some discovery to determine whether or not there is a desire to opt-in and whether the putative class members are similarly situated.

### B. Motions to Strike & Sanctions

Aaron Rents's motion for a protective order will be granted, however, only to the extent that it precludes plaintiffs' counsel from soliciting Aaron Rents's **current** general managers. In all other respects, Aaron Rents's motion for a protective order will be denied. Because the court, for now, finds nothing expressly unlawful or coercive about any counsel's action, and for the reasons given in open court, the court will deny all other motions.

### Conclusion

For the foregoing reasons, plaintiffs' motion to facilitate notice and for a conditional nationwide collective action will be denied without prejudice by separate order.

DONE this 20th day of April, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE