IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOM KUNSTMANN, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>AARON RENTS, INC. d/b/a AARON'S SALES AND LEASE OWNERSHIP, )<br><br>Defendant. ) | CIVIL ACTION NO. CV-08-1969-WMA<br>JURY DEMAND |

## RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO LIMIT OPT-IN CLASS AND FOR OTHER RELIEF

Contrary to the defendant's arguments, Plaintiffs have not, and never would, disregard this Court's Orders regarding notification of potential opt-in class members. As instructed by the Court in its Order (Doc. 99) of March 16, 2010, plaintiffs mailed by certified mail before April 2, 2010, the Revised Notice "to all persons to whom the earlier notice was mailed." Order, p. 3-4.[1]

### I. The Opt-in Time Period

Contrary to the defendant's argument, plaintiffs are not trying to extend the time period for individuals to join this litigation. Plaintiffs' counsel fully explained to the defendant the reasons behind re-sending the amended notices that were returned due to incorrect addresses. (*See* Defendant's exhibit "F"). By re-sending the returned notices, counsel is simply trying to ensure that

---

[1] Plaintiffs did not however send the Revised Notice to the individuals who had already opted in to the lawsuit.

every individual to whom this Court Ordered notice to be sent was in fact sent an amended notice to the correct last known address. Every potential plaintiff has a right to decide whether he/she joins the lawsuit, but they cannot join if they are not notified of their right to join.

The defendant is simply trying to limit the size of the class by objecting to the re-sending of notices that were returned due to incorrect addresses. Indeed, the defendant does not offer any explanation which would reasonably support its position that the returned notices should not be sent. The reason should be quite clear, fewer notices sent means fewer people join. The defendant's argument at page eight (8) confuses apples and oranges. Plaintiffs' counsel did not seek permission from the Court during the March 2nd hearing to resend notices that were returned. Rather, plaintiffs' counsel sought permission to correct the original notice that was sent and to resend the revised notice to all potential opt-in plaintiffs. Contrary to defendant's argument, plaintiffs' counsel did not fail to seek permission to resend the returned revised notices out of fear that such a request would be denied. Plaintiffs' counsel cannot fathom a reason why the Court would deny such a reasonable request considering the fact that the Court's Order regarding the sending of the amended notice specifically stated: **"You must sign, date and mail the attached Consent to Become Party Plaintiff form to the Clerk of the Court within fourteen (14) days of <u>RECEIPT</u> of this notice."** (emphasis added). Common sense dictates that a person who does not receive the Consent to Become Party Plaintiff form cannot join the lawsuit. Surely this Court, when it ordered notice to be mailed and re-mailed to ALL current/former General Managers, wanted all persons who should receive notice to have a fair opportunity to decide whether he/she desired to join the lawsuit.

Finally, in regard to the defendant's argument that the plaintiffs' motivation behind re-sending the returned notices is to extend the time period to opt-in. (See page 8 of defendant's

Emergency Motion). Plaintiffs are unsure exactly what time period the defendant believes the plaintiffs are trying to extend. The Court's Order did not set a definitive time period wherein all potential opt-ins had to opt-into the lawsuit. The time period to opt-in begins when a potential plaintiff receives the consent to become party plaintiff form. Therefore, until all plaintiffs have received the revised notice, or at least until all reasonable efforts have been exhausted to ensure all potential plaintiffs have received the revised notice, there is no definitive time period to extend. The only motivation the plaintiffs have for re-sending the returned notices is to ensure that everybody who was to receive notice actually received the Revised Notice.[2]

## II. The Defendant, Not The Plaintiffs, Has Violated The Court's Instructions

Contrary to Defendant's argument that Plaintiff's have not complied with the Court's instructions at the March 2 hearing, it is defendant who has not complied. The Court instructed the defendant at the March 2, 2010 hearing to review the addresses provided to the plaintiff, and to provide better addresses, as follows, in regard to requiring the defendant to determine if it had provided their best addresses for the potential opt-in plaintiffs:

> THE COURT: I think we are going to go with what they have unless–I am just, as a general proposition, go back and see if these are your best addresses.
>
> MR. DUERR: I will do that your Honor.
>
> THE COURT: If you find some that are not your best and current addresses, let's share them. Let's bring that up.
>
> MR. DUER: I will certainly do that.

---

[2]Plaintiffs' understand that the time to opt-in must end at some point in time. However, due to the extraordinary number of returned revised notices, plaintiffs do not believe that time has yet come.

Transcript of Hearing held on March 2, 2010, p. 17.14-20.

Defendant has not communicated one word to plaintiffs in compliance with the Court's instruction to provide better addresses. Defendant has made absolutely no effort to provide plaintiffs with current addresses as the Court instructed and cannot now attempt to restrict the opt-in period to exclude those individuals for whom the defendant supplied out-of-date addresses which required research to find possibly better addresses to re-send the Revised Notice. This tactic is obviously one designed to deny a considerable group of potential class members even the opportunity to know about this lawsuit, and, therefore, suppress the number of opt-in plaintiffs in this lawsuit.

### III. Counsel Continues To Receive Returned Notice Due To Incorrect Addresses

The present dispute between the parties has arisen because, despite the extraordinary number of returned envelopes plaintiffs' counsel has received due to incorrect addresses supplied by defendant for the mailings, the defendant does not believe the individuals whose notice was returned deserve a fair opportunity to decide whether he/she desire to join the lawsuit.[3] Counsel for the parties disagree on whether notices returned due to incorrect addresses should be re-mailed. Plaintiffs' counsel offered to try to resolve the dispute without bringing this matter to the Court but the defendant refused plaintiff's offer. (See Defendant's Exhibit "F")

To date the total number of incorrect addresses which caused either the Original Notice or the Revised Notice to be returned is approximately 528. The percentage of incorrect addresses for mailing the Original Notice and the Revised Notices to the approximately 2600 individuals identified by the defendant as potential opt-in plaintiffs is, therefore, approximately 20.3%. This number of

---

[3]Counsel has received approximately 528 returned notices due to incorrect addresses. In addition, counsel has received approximately 250 returned notices due to failure to pick-up the certified letters.

4

returns, based on counsel's experience, is extraordinarily high. Based on the defendant's position, the defendant simply wants to ignore the fact that these individuals have not been notified and trample on these individuals' right to decide whether or not they wish to join the lawsuit.

Exhibit 1, attached hereto, is comprised of copies of the front of 185 envelopes containing the Revised Notice which were returned because of incorrect addresses. Plaintiffs researched the addresses for these individuals and resent the Revised Notices to a possibly better address as indicated on the front of the envelopes. Exhibit 1 is divided into groups according to the date on which the Revised Notice was re-sent to the possibly better address as follows:

    Re-mailed on April 5, 2010    36 re-mailed Revised Notices

    Re-mailed on April 6, 2010    79 re-mailed Revised Notices

    Re-mailed on April 7, 2010    19 re-mailed Revised Notices

    Re-mailed on April 15, 2010    46 re-mailed Revised Notices

    Re-mailed on April 16, 2010    5 re-mailed Revised Notices

In addition, plaintiffs attach Exhibit 2 hereto which is comprised of copies of the front of 11 envelopes which contained the Original Notice but were returned because of incorrect addresses. Plaintiffs researched the addresses for these individuals and sent a Revised Notice to the possibly better address as indicated on the front of the envelopes. Exhibit 2 is divided into groups according to the date on which the Revised Notice was sent to the corrected address as follows:

    Re-mailed on April 4, 2010    4 Revised Notices sent

    Re-mailed on April 15, 2010    6 Revised Notices sent

    Re-mailed on April 16, 2010    1 Revised Notice sent

Exhibit 3, attached hereto, is comprised of copies of the front of 121 envelopes sent to

individuals enclosing the Revised Notice which were returned because of incorrect addresses. Plaintiffs have not searched out new addresses for these individuals to resend the Revised Notice. Therefore, these individuals have not yet had an opportunity to receive the Revised Notice.

**IV.    Plaintiffs' Followed The Court's Instruction In Regards To Notifying Both The Court And The Defendant The Names And Addresses Of Returned Notices**

The defendant argues that plaintiffs' counsel has failed to comply with the Court's instructions in regard to supplying the Court and the defendant with the names and addresses of individuals whose notice was returned and have failed and refused to supplement this list. First, Plaintiffs have already filed with the Court, in response to the Court's instructions during the March 2, 2010 hearing, the names of 211 individuals whose Original Notice was returned because of an incorrect address. *See* Exh. C (Doc. 95-3) to Plaintiffs' Response to the Court's Orders at the Hearing of March 2, 2010 and Plaintiff's Request for an Expedited Approval of the Revised Notice and Cover Letter (Doc. 95) ("Response to Court's Orders"). As explained in Plaintiff's Response to the Court's Order, plaintiffs researched the incorrect addresses to find a possibly better address to resend the Original Notice. The incorrect address and the possibly better address for mailing the Original Notice was provided in Exh. C, attached thereto. Second, the Court did not instruct, or even imply, during the March 2, 2010 hearing that plaintiffs were to supplement the list of returned notices. Nor did the Court instruct, or even imply, that, if, in fact, revised notices were returned, plaintiffs' counsel should not attempt to locate better addresses for these individuals and resend the Revised Notice. In fact, the fact that the Court on March 2nd instructed that the returned notices be resent to the newly found addresses implicitly indicates that any notices returned from the second mailing of notice should be resent if new addresses could be located.

### V.      Plaintiffs' Counsel Has an Obligation To The Class

In accordance with established case law, this Court required Defendant to provide the names and addresses of potential members of the opt-in collective action. Case law makes it plain that the address to be provided is to be the "last known address." *Hoffmann-LaRoche Inc.*, 493 U.S. 165, 169-170 (1989) (holding that names and addresses of potential opt-in plaintiffs are subject to discovery); *Encinas v. J.J. Drywall Corporation*, — F.R.D. —, 2010 WL 774129 at *3 (D.D.C. March 8, 2010) ("A district court may order a defendant to produce the names and **last known addresses** of putative FLSA collective action class members in order to facilitate providing these individuals with notice.") (citing *Hoffmann-LaRoche*) (emphasis added). In *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312-313 (3rd Cir. 2003), the Third Circuit directed the district court to re-open the opt-in period to allow additional notice to all eligible current and former employees because of the approximately 3,400 FLSA notices that were mailed, nearly 800 of them were "undeliverable" and "returned to sender" due to incorrect addresses. The 23.5% incorrect addresses in *De Ascensio* compares to the approximately 20.3% incorrect addresses in this case (where Original and Revised Notices were mailed to approximately 2600 individuals and approximately 528 were returned for incorrect addresses). The Third Circuit notes that "[i]n class actions, courts have equitable powers to manage the litigation in order to promote judicial economy and fairness to litigants." *Id.* Plaintiffs request that the Court allow a sufficient opt-in period until June 1, 2010 so that all of the individuals identified by the defendant may be given an opportunity to receive the Revised Notice and to opt-in to this lawsuit if they so choose.

Furthermore, Plaintiffs have an obligation to the proposed opt-in class to contact those individuals who could be part of the class by opting in during the opt-in period. This obligation

stems both from the Court's Order instructing the plaintiffs to send Revised Notices to those individuals who qualify to opt-in, as well as the plaintiffs' counsels' fiduciary duty to the proposed class. *Stone v. Advance America*, 2009 WL 4722924 at * 3 (S.D. Cal. Dec. 4, 2009) ("'Beyond their ethical obligations to their clients, class attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed.'") (citing *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 801) (3rd Cir. 1995)); *In re Katrina Canal Breaches Consolidated Litigation*, 2008 WL 4401970 at * 2 (E.D. La. Sept. 22, 2008) (noting that class attorneys "'owe some general fiduciary duties to unnamed putative class members'") (citing *In re McKesseon HBOC, Inc., Sec. Litig.*, 126 F. Supp. 2d 1239)); *Schick v. Berg*, 2004 WL 856298 at *4 (concluding that class counsel owes a fiduciary duty to putative class members prior to class certification to protect the substantive legal rights of putative class members that form the basis of the class action); *United States v. Terminal Transport Co., Inc.*, 653 F.2d 1016, 1021 (5th Cir. 1981) (noting that plaintiffs' counsel were under a duty, especially great in a class action, to represent thoroughly the interests of their clients) (internal citation omitted)).[4] An opt-in period ending June 1, 2010 will ensure that these obligations are met.

## VI.     End Of The Opt-In Period

Plaintiffs object to Defendant's proposed date for ending the opt-in period both here in their Response to Defendant's Motion to Limit Opt-ins and in Plaintiff's Objection to Defendant's

---

[4]Plaintiffs recognize the differences between a § 216(b) FLSA collective action and a Rule 23 class action which the 11th Circuit has addressed in *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F. 1240, 1247-1249 (11th Cir. 2003) and in *Grayson v. K-Mart Corp.*, 79 F. 3rd 1086, 1096 n. 12 (11th Cir. 1996). Plaintiffs contend that the class/collective action attorneys' ethical and fiduciary duties to the putative class remain the same in both a § 216(b) collective action and a Rule 23 class action despite their procedural differences and burdens.

Notification of End of Opt-In Period on April 19, 2010, filed contemporaneously. Defendant's proposed date for ending the opt-in period does not take into account the large number of incorrect addresses resulting in the return of 528 Original and Revised Notices. As explained above, there remain 121 returned envelopes indicating incorrect addresses which plaintiffs have not researched to find possibly better addresses to resend the Revised Notice. Exh. 3

Plaintiffs request that the Court allow plaintiffs time to research and resend the Revised Notice to these 121 individuals by setting the date of May 14, 2010 as the date by which the plaintiffs must re-send any Revised Notices returned because of an incorrect address. These individuals will have 14 days (plus 3 days for mailing) from their receipt of the Revised Notice by which to return their Consent-to-Join form to the Court. Assuming that it may take a week for these individuals to receive the Revised Notice, June 7, 2010, is plaintiff's proposed date for ending the opt-in period. Plaintiffs also request that the Court order the defendant to immediately review the addresses previously provided to the plaintiffs for the 121 individuals to determine if the defendant has more current addresses and provide either the new addresses to the plaintiff within 7 days or inform the plaintiffs that the addresses previously provided are the most current addresses available to the defendant within 7 days.

## VII. Conclusion

Defendants have not provided the last known address for approximately 528 of the approximately 2600 individuals who are eligible to join this lawsuit. Plaintiffs have attempted to find better addresses for these individuals, but such effort has required time. There are presently approximately 121 individuals whose Revised Notice has been returned for an incorrect address for whom plaintiffs have not researched a possibly better address. As stated, Plaintiffs require some

time to do so, and, therefore, request that all Revised Notices be re-sent to possibly better addresses by May 14, 2010, with the opt-in period ending on June 7, 2010. Plaintiffs also request that this Court order the defendant to provide by May 7, 2010, the last known address of the approximately 121 individuals whose returned envelopes comprise Exh. 3. Finally, plaintiffs request that defendant's Motion to Limit Opt-in Period be denied in favor of the proposed schedule outlined herein.

Respectfully submitted,
/s/Susan Donahue
Gregory O. Wiggins
Susan Donahue
*Attorneys for the Plaintiff*

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500
Fax: (205) 254-1500

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed today, April 28, 2010, by CM/ECF, the Court's e-filing system, which will serve a copy of the foregoing to the following:
Stanford G. Wilson
Alisa P. Cleek
Douglas H. Duerr
ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303

Albert L. Vreeland, II
LEHR, MIDDLEBROOKS & VREELAND, P.C.
2021 Third Avenue North
Post Office Box 11945
Birmingham, AL 35202-1945

/s/Susan Donahue
OF COUNSEL