IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOM KUNSTMANN, et al. } | |
| } | |
|     Plaintiffs, } | |
| } | CIVIL ACTION NO. |
| v. } | 08-AR-1969-S |
| } | |
| AARON RENTS, INC., d/b/a, } | |
| AARON'S SALES AND LEASE } | |
| OWNERSHIP } | |
| } | |
|     Defendant. | |

## ORDER

On March 16, 2010, in response to concerns regarding certain ambiguities or errors in the original notice sent to potential opt-in plaintiffs, the court ordered that revised notices be sent by plaintiffs "to all persons to whom the [January 25, 2010] notices were mailed." (Doc. 99, at 4.) The court also provided that the revised notices "shall be mailed by certified mail by April 2, 2010." (Doc. 99, at 3.) The court did not expressly address what the plaintiffs could and could not do if revised notices sent to newly discovered or earlier provided addresses were returned as undeliverable. Plaintiffs read the court's order to say that so long as revised notices were sent on or before April 2, 2010, any notices returned as undeliverable after the April 2, 2010 mailing could be re-sent to newly discovered addresses. Acting under this belief, plaintiffs continued to send revised notices to potential opt-in plaintiffs for whom purported correct addresses were ascertained after revised notices were returned as undeliverable.

This cycle continued until April 16, 2010. (Doc. 108, at 5.) Believing plaintiffs' actions to be a violation of the court's March 16, 2010 order, defendant, Aaron Rents, Inc., d/b/a, Aaron's Sales and Lease Ownership ("Aaron's"), filed a motion seeking to exclude all persons from the opt-in class to whom revised notices were sent after April 2, 2010, and notifying the court that, in its opinion, the opt-in period had ended on April 19, 2010. (Docs. 103, 104.) Plaintiffs filed responses to both Aaron's motion and notice. (Docs. 108, 109.) On April 29, 2010, the court heard oral argument.

Plaintiffs argue that they have "an obligation to the proposed opt-in class to contact those individuals who could be part of the class by opting in during the opt-in period." (Doc. 108, at 7.) The court agrees to a limited extent. Plaintiffs' counsel have met and exceeded their obligation. Aaron's provided plaintiffs with its last known addresses of all potential opt-in plaintiffs. It was not ordered or expected to do any further research to update those addresses. That research was left to plaintiffs. The fact that a sizable portion of the addresses furnished by Aaron's were not current should not surprise anyone. Plaintiffs searched for and found purportedly correct addresses and sent out revised notices on or before April 2, 2010 using both the addresses provided by Aaron's and the addresses that they had found. After many of the revised notices were returned as undeliverable,

plaintiffs continued their search and re-sent revised notices after April 2, 2010. The court finds a distinction between addresses discovered and mailings that were made on or before April 2, 2010 and addresses discovered and mailings that were made using addresses discovered after April 2, 2010. The court cannot discern from the record how many mailings occurred after April 2, 2010, using addresses that were then known or by an exercise of due diligence could have been known by plaintiffs before April 2, 2010. Because of the unusually high number of returned notices, the court will not exclude **all** potential opt-in plaintiffs to whom a revised notice was re-sent after being returned undeliverable, as Aaron's asks it to do. But, the court will not allow plaintiffs to continue to re-send a revised notice. As plaintiffs themselves admit, "the time to opt-in must end at some point in time." (Doc. 108, at 3 n.2.)

Accordingly, the court **ORDERS** plaintiffs not to mail any more revised notices to any potential opt-in plaintiffs. Any person who has already been sent a revised notice and who opts into the proposed class on or before May 3, 2010 and within the time prescribed in the notices will be allowed to opt-in as a plaintiff. Those persons whose responses are not post-marked by May 3, 2010 will be excluded from the putative class. In other words, to the extent plaintiffs' counsel mailed after April 2, 2010 to potential class members whose addresses, erroneous or not, were only

ascertained after April 2, 2010, or could, by an exercise of reasonable diligence, have been ascertained before April 2, 2010, the responding opt-in plaintiffs will not be allowed to opt-in. Limited discovery on this subject will be allowed unless the parties agree as to which category a purported opt-in fits. To the extent inconsistent with this order Aaron's motion is **DENIED**.

As the court noted in its March 16, 2010 order, "[t]he issues raised by the parties' Rule 26(f) report remain unaddressed." (Doc. 99, at 4.) Therefore, a status conference is hereby **SET** at **9:30 a.m., May 17, 2010,** in courtroom 4B, at the Hugo L. Black U.S. Courthouse in Birmingham, Alabama, unless the parties submit a mutually agreed upon schedule of future events.

DONE this 30th day of April, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE