FILED
2010 Sep-07 PM 01:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOM KUNSTMANN, et al., } | |
| } | |
| Plaintiffs, } | |
| } | CIVIL ACTION NO. |
| v. } | 08-AR-1969-S |
| } | |
| AARON RENTS, INC., d/b/a, } | |
| AARON'S SALES AND LEASE } | |
| OWNERSHIP, } | |
| } | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (2006), by the named plaintiff, Tom Kunstmann ("Kunstmann"), and three hundred seventy (370) opt-in plaintiffs (collectively "plaintiffs"), who sue as similarly situated employees of defendant, Aaron Rents, Inc. d/b/a Aaron's Sales and Lease Ownership (Aaron's), which has moved to compel discovery. Plaintiffs' have countered with a motion for protective order. The opposing motions concern Aaron's first set of interrogatories. For the reasons set forth below, the parties' motions are each due to be granted in part and denied in part.

**FACTS AND PROCEDURAL HISTORY**

The court's May 18, 2010 scheduling order permits Aaron's to serve interrogatories upon all plaintiffs. (Doc. 112, at 1.) On May 28, 2010, Aaron's served all plaintiffs with its first set of interrogatories. (Doc. 120, at 1.) On June 28, 2010, plaintiffs

1

served objections to Aaron's interrogatories, but did not serve responses. (*Id.*) As of July 26, 2010, approximately twenty-five percent of plaintiffs had responded to Aaron's interrogatories. (*Id.*) On July 26, 2010, Aaron's moved the court to: (1) compel each plaintiff who had not responded to the interrogatories to do so within ten days; and (2) impose costs and fees associated with Aaron's motion to compel. (*Id.* at 2.) On August 17, 2010, plaintiffs moved for a protective order striking Aaron's interrogatories as irrelevant and oppressive. (Doc. 126.)

## DISCUSSION

In discovery disputes involving interrogatories, the parties are bound by Rules 33 and 26, F.R.Civ.P. Rule 33 governs interrogatories, and incorporates the scope definition set forth in Rule 26(b). Rule 26(b)(1) provides a liberal scope for discoverable information, allowing "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) also provides that the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

However, the scope of discovery is not boundless. Of particular relevance in the instant case is Rule 26(b)(2)(C), which provides that a court **must** limit discovery, either by motion or *sua sponte*, if the discovery sought is "unreasonably cumulative or

2

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." F.R.Civ.P. 26(b)(2)(C)(i). Likewise, the court **must** limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." F.R.Civ.P. 26(b)(2)(C)(iii).

The court finds that some of Aaron's interrogatories fall within the scope of discovery allowed by Rule 26 (b). However, others extend beyond the permissible scope of discovery, or are otherwise due to be limited. Each interrogatory is addressed in turn, below. Because Aaron's served at least two slightly different sets of interrogatories, and because no single document before the court contains every interrogatory served upon plaintiffs, each interrogatory is reproduced in full, below.

**A.  Interrogatories Within the Scope of Rule 26(b):**

Several interrogatories clearly seek relevant information and/or are reasonably calculated to lead to the discovery of admissible evidence. The court finds that the following interrogatories are appropriate because they seek information regarding plaintiffs' claims and credibility, and are not otherwise barred by the Rule 26(b) limitations:

> To the extent not already identified, please identify (by providing at least the information requested in Definition D) every individual whom you know or believe has knowledge or information regarding any fact or claim in your Complaint and/or any fact which you believe supports or rebuts the facts or claims in your Complaint. For each individual

3

>    so identified, please state with particularity
>    the information you believe he or she
>    possesses.

(Doc. 124, Ex. 1, Interrog. # 4; Doc. 124, Ex. 2, Interrog. # 4.);

>    Please identify each occasion which you
>    inquired about or questioned the method in
>    which you were compensated as an Aarons'
>    General Manager. For each such occasion,
>    please identify: (a) the person(s) to whom you
>    directed your inquiry; (b) the manner in which
>    you made such an inquiry (i.e., telephone,
>    electronic mail, in person, etc.); (c) the
>    date of each such inquiry; and (d) the
>    response given to your inquiry.

(Doc. 124, Ex. 1, Interrog. # 7; Doc. 124, Ex. 2, Interrog. # 8.);

>    For every federal, state or local court
>    proceeding, administrative proceeding, or
>    arbitration hearing in which you have been a
>    plaintiff, complaining party, a defendant, or
>    a witness, please state the name of the case,
>    its docket number or other similar
>    identification number, the court or agency
>    before which the proceeding was brought, the
>    names of the parties involved, and the nature
>    and outcome of the proceeding. If you have
>    not been involved in any such proceeding,
>    please affirmatively state such.

(Doc. 124, Ex. 1, Interrog. # 11; Doc. 124, Ex. 2, Interrog. #14.);

>    Please identify any and all arrests and/or
>    convictions of you relating to any alleged
>    violation(s) by you of federal, state or local
>    law. Your response should include the nature
>    of the charge(s), the court or agency in which
>    the charge was filed, and the disposition of
>    the charge, if any. This Interrogatory
>    includes, but is not limited to, convictions
>    that have been expunged pursuant to a first
>    offender's act or any other statutory means by
>    which a conviction is removed from an
>    individual's criminal record.

(Doc. 124, Ex. 1, Interrog. # 10; Doc. 124, Ex. 2, Interrog. # 11.);

> Please identify all documents, including electronic documents, in your possession that reference or otherwise set forth your job duties and/or hours of work as an Aarons' General Manager or that you contend or believe reference or otherwise set forth your job duties and/or hours of employment, or that you may use at trial regarding these facts.

(Doc. 124, Ex. 1, Interrog. # 13; Doc. 124, Ex. 2, Interrog. # 13.)

Accordingly, Aaron's motion to compel will be granted as to the interrogatories quoted above. Plaintiff's motion for a protective order is necessarily due to be denied as to said interrogatories.

**B. Interrogatories Due to be Limited by Rule 26(b).**

Each of the following interrogatories served by Aaron's goes beyond the scope of discovery as defined in Rule 26(b), either because the interrogatory is not "reasonably calculated to lead to the discovery of admissible evidence," or because it is otherwise due to be limited by Rule 26(b)(2)(C). The objectionable interrogatories below are arranged using the court's principal reasons for eliminating them.

**1. Interrogatories seeking cumulative or duplicative discovery**:

The following two interrogatories seek information that duplicates information sought in the first interrogatory reproduced in Section A, above (Doc. 124, Ex. 1, Interrog. # 4; Doc. 124, Ex. 2, Interrog. # 4); a complete answer to that interrogatory will eliminate the need to answer the following two. Accordingly, Rule 26(b)(2)(C)(i) dictates that the court strike the following two interrogatories:

>    Please identify (by providing at least the information in Definition D) any and all individuals, including all present and/or former employees of Aarons, with whom you communicated, either orally or in writing, regarding your participation in this lawsuit and/or your decision to join this lawsuit as an opt-in plaintiff.  In responding, please include any communications to you, but to which you did not respond.

(Doc. 124, Ex. 1, Interrog. # 1; Doc. 124, Ex. 2, Interrog. # 2.);

>    Please identify (by providing at least the information requested in Definition D) any and all individual(s), including all present and/or former employees of Aarons, with whom you have communicated, either orally or in writing, regarding any fact or claim in your Complaint and/or any fact which supports or rebuts the facts or claims in your Complaint.

(Doc. 124, Ex. 1, Interrog. # 2; Doc. 124, Ex. 2, Interrog. # 1.)

**2. Interrogatories seeking information which is available from other, less burdensome sources.**

The following interrogatories will be stricken because they seek information to which Aaron's already has access in the form of personnel, tax, and other employment records.  Accordingly, Rule 26(b)(2)(C)(i) protects plaintiffs from having to produce what Aaron's already possesses.

>    For the time period during which you worked as Aarons' General Manager, please identify every individual who worked in the store at which you were an Aarons' General Manager.  For each such employee, please identify the employee's name, the position they held for Aarons while working in your store, and the Aarons' store(s) at which the employee worked with you.

(Doc. 124, Ex. 1, Interrog. # 5; Doc. 124, Ex. 2, Interrog. # 5.);

> Please identify every job or position you held in the five (5) years prior to your employment with Aarons or concurrent with your employment at Aarons. For each job or position, please state: (a) the employer's name and address; (b) your beginning and end dates of service with that employer; and (c) your reason(s) for leaving each job you no longer hold.

(Doc. 124, Ex. 1, Interrog. # 6; Doc. 124, Ex. 2, Interrog. # 6.);

> For proper identification purposes, please provide your full name (including first, all middle, and last names), as well as your Social Security Number. If you ever used a different name while employed by Aarons, including a maiden name, please also provide the full name (including first, all middle and last names) that you went by at that time.

(Doc. 124, Ex. 1, Interrog. # 12; Doc. 124, Ex. 2, Interrog. # 12.)

**3. Interrogatories not reasonably calculated to lead to admissible evidence**.

The following interrogatories are not likely to lead to admissible evidence, and thus fall outside the scope of discovery provided by Rule 26 (b)(1):

> Please identify what steps you, your attorneys, agents, or representatives have taken to preserve any electronically stored information ("ESI") in your possession that relates in any way to any fact or claim in your Complaint and/or any fact which supports or rebuts the facts or claims in your Complaint. For each such step identified, please state: (a) the date on which you implemented each such step; (b) a brief description of the ESI you sought to preserve by implementing each such step; and (c) the name and contact information of any third-party or vendor utilized to perform or assist in the performance of such step.

(Doc. 124, Ex. 1, Interrog. # 9; Doc. 124, Ex. 2, Interrog. # 10.) This interrogatory is unlikely to lead to admissible evidence because plaintiffs are unlikely to know what steps counsel have taken to preserve ESI.  To the extent that this interrogatory could possibly lead to relevant evidence, that information is preserved by the complete answer to an interrogatory (Doc. 124, Ex. 1, Interrog. # 13; Doc. 124, Ex. 2, Interrog. # 13) reproduced *supra*, in Section A.

The following interrogatory is also unlikely to lead to admissible evidence because, to the court, it does not appear to be relevant in a FLSA case in which a central issue is whether Aaron's general manager's were wrongly classified as exempt from overtime requirements:

> Please identify every job or position you have held since the termination of your employment with Aarons.  For each such job or position, please state: (a) the employer's name and address; (b) your beginning and end dates of service with that employer; (c) job titles held; and (d) your reason(s) for leaving such job that you no longer hold.

(Doc. 124, Ex. 2, Interrog. # 7.)  Simply put, the subsequent employment history of plaintiffs no longer employed by Aaron's is irrelevant to the issues presented.

   **4.  Other impermissible interrogatories**:

The following two interrogatories are also due to be limited under Rule 26(b):

> Please identify (by providing at least the

> information requested in Definition D) any and all individual(s), including all present and/or former employees of Aarons, with whom your attorneys, agents, or representatives have communicated, either orally or in writing, regarding any fact or claim in your Complaint and/or any fact which supports or rebuts the facts or claims in your Complaint. For purposes of this Interrogatory only, please do not consider the following communications: (1) Memorandum from Susan Donahue to Aarons' General Managers dated March 13, 2009; (2) Notice of Pending Lawsuit to Recover Overtime Wages approved by the Court in this action on January 25, 2010; and (3) Revised Notice of Pending Lawsuit to Recover Overtime Wages approved by the Court in this action on March 19, 2010.

(Doc. 124, Ex. 1, Interrog. # 3; Doc. 124, Ex. 2, Interrog. # 3.) Assuming *arguendo* that plaintiffs have the information sought in this interrogatory, it is difficult to imagine any such discovery being non-privileged. Accordingly, this interrogatory falls outside of the scope of discovery as provided in Rule 26(b)(1).

The final interrogatory to be addressed seeks information, the disclosure of which is not required until later in the discovery process:

> Please identify each person whom you may call as an expert witness to give opinion testimony at a trial of this matter. For every expert identified, please provide the following: (a) the subject matter on which he/she is expected to testify; (b) a summary of his/her qualifications within the field of expertise in which testimony is expected to be given, including (but not limited to) number of years of practice, a list of any publications which he/she has published, and a list of professional societies in which he/she is a member; (c) the substance of the facts and

9

> opinions to which he/she is expected to testify and a summary of the grounds for each such opinion; (d) the facts provided by you and/or your counsel to any person whom you may call as an expert witness and on which he/she relied or may rely to reach such an opinion; and (e) the names and citations of all cases in which he/she has previously testified at trial or during discovery.

(Doc. 124, Ex. 1, Interrog. # 8; Doc. 124, Ex. 2, Interrog. # 9.) Even if plaintiffs had knowledge of the information sought in this interrogatory, the disclosure of information related to expert testimony is governed by the court's May 18, 2010 scheduling order. (Doc. 112; *see also* Doc. 90, at 7.) The scheduling order, and its incorporation of the parties' report of their Rule 26(f) planning meeting, dictate that expert witness information required by Rule 26(a)(2) is due from plaintiffs sixty (60) days prior to end of discovery. (Doc. 112; *see also* Doc. 90, at 7.) Discovery is scheduled to, and, assuming the parties can resolve future discovery disputes without resorting to the court, will end on February 28, 2011. (Doc. 112.) Accordingly, Aaron's will receive the information sought in the interrogatory reproduced above, but must wait for the appropriate time, as dictated by the scheduling order.

Accordingly, plaintiffs' motion for a protective order will be granted as to the interrogatories quoted in Section B. Aaron's motion to compel will necessarily be denied as to said interrogatories.

**C. Award of Costs and Attorney's Fees**

Aaron's motion to compel also requests that the court award it costs and attorney's fees associated with bringing the motion to compel. Awarding costs associated with a motion to compel is governed by Rule 37(a)(3)(B), and is left to the court's discretion. Because plaintiffs' motion for a protective order is due to be denied in part and granted in part, Rule 37(a)(5)(C) allows the court to apportion the expenses associated with the motion. The court will defer a decision about the costs associated, both with Aaron's motion to compel, and plaintiff's motion for a protective order until final disposition.

## CONCLUSION

Consistent with this opinion, both Aaron's motion to compel, and plaintiffs' motion for a protective order are granted in part and denied in part. Aaron's motion to compel is hereby **GRANTED** as to the interrogatories listed in Section A, and **DENIED** as to the interrogatories listed in Section B. Plaintiffs' motion for a protective order is hereby **GRANTED** as to the interrogatories listed in section B of the opinion above, and **DENIED** as to the interrogatories listed in section A of the opinion above. Accordingly, plaintiffs (and each of them) are hereby **ORDERED** to answer Aaron's interrogatories reproduced in Section A above, **on or before October 7, 2010.** A decision as to the taxation of costs associated with both parties' motions is hereby **DEFERRED.**

DONE this 7th day of September, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE