FILED

2013 Jul-16  PM 12:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOM KUNSTMANN, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. CV-08-1969-KOB JURY DEMAND |
| AARON RENTS, INC.  d/b/a AARON'S SALES AND LEASE OWNERSHIP, | ) ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY

In support of the above-styled motion, plaintiffs state the following:

On July 11, 2013, at 2:30 pm, the Honorable Judge Ott held a telephonic conference with the parties to primarily discuss whether the Court was going to grant the defendant's pending motion to file additional motions for summary judgment/decertification.  During the conference, the Court ruled that the defendant would be allowed to file additional summary judgment motions on 4 issues: (1) defendant's claim regarding its purported 7(i) defense; (2) motion for summary judgment regarding 10 plaintiffs who failed to disclose in their bankruptcy

1

proceedings this lawsuit; (3) motion for summary judgment on the issue of "willfulness"; and (4) motion for summary judgment on the issue of the calculation of damages.

After being informed of the Court's decision, plaintiffs' counsel informed the Court that he may well need addition discovery on the defendants purported 7(i) defense but, at the time of the conference, counsel was unsure because the defendant had not yet filed its motions. The Court informed plaintiffs' counsel that if, in fact, counsel believed he needed additional discovery on the 7(i) defense after reading the defendant's motion then he should file a motion with the court setting out the reasons why additional discovery was needed. The court also directed plaintiffs' counsel that he should read the case *Virgilio v. The Ryland Group*, 680 F.3d 1329 to identify what the Eleventh Circuit felt was needed in order for a court to grant such a motion. Hence, the current motion.[1]

The main issue addressed by the Eleventh Circuit in *Virgilio* was that when a party moves for additional discovery, after a defendant has filed for summary judgment, said motion must be based on issues that are relevant to the summary

---

[1] Despite the defendant's assurances to the Court during the July 11th conference that its motions were ready to be filed, defendant did not even begin filing its motions and evidentiary material until July 12th at 4:46 pm and did not complete its filing until 10:30 pm. Therefore, due to the voluminous evidentiary material that was filed, plaintiffs could not file this motion until he reviewed the defendant's filings.

judgment motion. Plaintiffs' grounds for requesting additional discovery are clearly relevant to the defendant's pending motion. As this court is aware through prior briefing, prior to the close of discovery, the defendant had never plead 7(i) as a defense and, therefore, plaintiffs conducted no discovery on the defense.[2] In fact, it is undisputed that prior to the close of discovery, and prior to the plaintiffs noticing and taking their depositions, including its 30(b)(6) depositions, the defendant had specifically denied that it was claiming 7(i) as a defense.[3] By informing plaintiffs' counsel that it was not claiming 7(i) as defense, there was absolutely no need or reason to conduct any discovery on the purported defense.[4]

Plaintiffs need to discover the facts surrounding the following issues:[5]

1.   Why did defendant admit in its August 4, 2010 letter that it was not claiming the Retail Sales Exemption?

---

[2]Defendant may well argue, if it opposes plaintiffs' motion, as it has in the past, that plaintiffs have already conducted discovery on the 7(i) issue but such an argument is completely without any merit.

[3]The fact that the defendant admitted in its letter of August 4, 2010 that it was specifically not claiming the Retail Sales Exemption leads one to only plausible conclusion. If it was not claiming the exemption then quite naturally said defense was not plead in its answer. *See* Doc. #280, Exhibit A.

[4]Despite the fact that it is undisputed that defendant's then counsel sent the letter of August 4, 2010 to plaintiffs' counsel the defendant has never once, despite repeated opportunities to do so, even attempted to explain the reasons why the letter was sent and/or why it later changed its mind in claiming 7(i) as a purported defense.

[5]Whereas plaintiffs have identified these 13 topics of discovery, plaintiffs do mean to imply that discovery will only be needed on these 13 topics alone.

3

2. Why did the defendant change its mind on claiming the Retail Sales Exemption and not inform plaintiffs' counsel of this fact until after discovery had closed?

3. Why did the defendant, during the plaintiffs' depositions, ask the plaintiffs what their "salary" was?

4. Why did the defendant not ask the plaintiffs any questions surrounding the issue as to was their pay a "guaranteed salary" or was their pay based on solely on "commission?"

5. Why did the defendant, when it gathered 1000+ declarations from its then current GMs, only inquire about the requirements of the "executive" exemption?

6. How does the GM compensation plan actually work?

7. Has the defendant conducted any studies or surveys on GM compensation plan to determine whether any GM's pay was ever reduced based on failing to meet the projected goals of the compensation plan?

8. Who wrote the letter of August 4, 2010 wherein the defendant admitted it was not claiming the Retail Sales Exemption as a defense?

9. Why did the defendant admit in its answer that GMs were all paid a guaranteed salary?

10. Who approved the letter of August 4, 2010?

11. When and why did the defendant decide to claim the Retail Sales Exemption?

12. What efforts the defendant took to ensure compliance with the record keeping requirements of 29 C.F.R. 516.16?

13. What efforts the defendant took to ensure compliance with 29 C.F.R. 516.2. Specifically, but not limited to, what efforts the defendant took to track the actual hours worked by each plaintiff as outlined in 29 C.F.R. 516.2(a)(5)?[6]

Plaintiffs cannot adequately respond to the issues now raised by the defendant without being allowed to take several depositions of key witnesses of the defendant whose prior deposition has now been submitted in support of its motion and who

---

[6]Attached hereto is Plaintiffs' counsel's affidavit as required by F.R.Civ.P. 56(d).

4

have now submitted affidavits to support the defendant's new purported defense. In addition to taking the depositions of the defendant's witnesses, Plaintiffs will also possibly need to take one additional deposition of a non-party. Plaintiffs would be extremely prejudiced if this additional discovery would be denied. After all, the defendant did not inform plaintiffs' counsel until some 4 months after discovery was closed that it had changed its mind on claiming the defense and was, in fact, going to claim the Retail Sales exemption as a defense.[7] This type of gamesmanship should not be tolerated or allowed by this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully request (1) an Order granting the Plaintiffs' request for additional discovery, (2) an Order allowing the Plaintiffs until at least August 30, 2013, to complete the requested discovery, and (3) an Order staying the current briefing deadlines on the defendant's pending 7(i), willfulness and calculation of damages summary judgment motions.

---

[7]Defendant, if it opposes this motion, will likely argue that 7(i) is not an exemption but is an exception. Whereas, plaintiffs totally disagree with the defendant's position whether 7(i) is an exemption or an exception is totally irrelevant in determining when the defendant first informed plaintiff's counsel that it was claiming 7(i).

Respectfully submitted,


/s/Gregory O. Wiggins
Gregory O. Wiggins
Kevin W. Jent
*Counsel for the Plaintiffs*

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500


## CERTIFICATE OF SERVICE

I do hereby certify that I have filed today, July 16, 2013, by CM/ECF, the Court's e-filing system, which will serve a copy of the foregoing to the following:

Brett C. Bartlett
Robert C. Stevens
Camille Olsen
SEYFARTH SHAW LLP
1075 Peachtree Street NE
Suite 2500
Atlanta, GA 30309-3962

Arnold W. Umbach
STARNES, DAVIS, FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209

/s/Gregory O. Wiggins
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOM KUNSTMANN, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>AARON RENTS, INC.  d/b/a AARON'S SALES AND LEASE OWNERSHIP,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

                             CIVIL ACTION NO.
                             CV-08-1969-KOB
                             JURY DEMAND

STATE OF ALABAMA )
JEFFERSON COUNTY  )

## **AFFIDAVIT OF GREGORY O. WIGGINS**

Before me the Undersigned Notary Public did appear Gregory O. Wiggins, who testified, pursuant to F.R.Civ.P. 56(d), as follows:

1.     I, Gregory O. Wiggins, am over the age of nineteen years and labor under no legal disabilities.  I am one of the attorneys of record for the plaintiffs in the above-referenced matters.

2.     Defendant filed its motion and 3 briefs and evidence for summary judgment regarding its purported 7(i) defense, willfulness and

calculation of damages on Friday, July 12, 2013.

3.  After reading all the defendant's brief and evidence, the plaintiffs need

    discovery regarding the following:

    -   Why did defendant admit in its August 4, 2010 letter that it was
        not claiming the Retail Sales Exemption?
    -   Why did the defendant change its mind on claiming the Retail
        Sales Exemption and not inform plaintiffs' counsel of this fact
        until after discovery had closed?
    -   Why did the defendant, during the plaintiffs' depositions ask the
        plaintiffs what their "salary" was?
    -   Why did the defendant not ask the plaintiffs any questions
        surrounding the issue as to was their pay a "guaranteed salary" or
        was their pay based on solely on "commission?"
    -   Why did the defendant, when it gathered 1000+ declarations from
        its then current GMs, only inquire about the requirements of the
        "executive" exemption?
    -   How does the GM compensation plan actually work?
    -   Has the defendant conducted any studies or surveys on GM
        compensation plan to determine whether any GM's pay was ever
        reduced based on failing to meet the projected goals of the
        compensation plan?
    -   Who wrote the letter of August 4, 2010 wherein the defendant
        admitted it was not claiming the Retail Sales Exemption as a
        defense?
    -   Why did the defendant admit in its answer that GMs were all paid
        a guaranteed salary?
    -   Who approved the letter of August 4, 2010?
    -   When and why did the defendant decide to claim the Retail Sales
        Exemption?
    -   What efforts the defendant took to ensure compliance with the
        record keeping requirements of 29 C.F.R. 516.16?
    -   What efforts the defendant took to ensure compliance with 29
        C.F.R. 516.2. Specifically, but not limited to, what efforts the
        defendant took to track the actual hours worked by each plaintiff
        as outlined in 29 C.F.R. 516.2(a)(5)?

4.   In addition to the above topics, depending on the what plaintiffs discover during the depositions, there could be additional information discovered that would be relevant in responding to defendant's pending motions.

5.   All of the identified topics are specifically relevant in replying to defendant's pending motions.

6.   The reason(s) behind requesting this additional discovery are directly related to the defendant's actions and plaintiffs are in no way at fault for having to request this additional discovery. As set out in plaintiffs' motion, the defendant did not even inform plaintiffs' counsel that it was going to attempt to argue a 7(i) until *after* discovery had been closed for some 4 months. Prior to this time, based on the defendant's letter August 4, 2010, plaintiffs' counsel had the clear understanding that the defendant was not claiming the Retail Sales Exemption as a defense.

7.   The defendant's actions directly contribute to the plaintiffs not conducting any discovery on the Retail Sales Exemption during the discovery period. In addition, the defendant's actions directly affect the plaintiffs' ability to adequately respond to the defendant's pending motions.

Gregory O. Wiggins

SWORN TO and SUBSCRIBED TO
me this the 14 day of July, 2013.

NOTARY PUBLIC
My Commission Expires

TRACI L. WIGGINS
MY COMMISSION EXPIRES
NOTARY
PUBLIC
DECEMBER 12, 2016
STATE OF ALABAMA