# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**TOM KUNSTMANN, on behalf of himself and all others similarly situated,**

        **Plaintiff,**

        v.          **CASE NO.: 2:08-cv-01969-KOB-JEO**

**AARON RENTS, INC.,**

        **Defendant.**

## DEFENDANT'S BRIEF IN SUPPORT OF ITS
## MOTION TO STRIKE PLAINTIFFS' REPLY (DKT. 301)

Defendant respectfully moves this Court for an order striking Plaintiffs' Reply (Dkt. 301) ("<u>Reply</u>") in support of their motion (Dkt. 294) ("<u>Motion</u>"), which asks this Court to allow Plaintiffs to reopen a discovery period that closed two years ago in lieu of timely responding to Defendant's pending motion for summary judgment on 29 U.S.C. § 207(i).  In support, Defendant states as follows:

### INTRODUCTION

It is well-settled that a movant may not raise new arguments or requests for relief in a reply brief.  In defiance of this rule, and in a needlessly inflammatory tone, Plaintiffs intersperse new arguments and requests across their 20-page Reply

that they failed to raise in their 10-page Motion. Such arguments and requests must be disregarded, and Plaintiffs' Reply is due to be stricken.

In their Reply, Plaintiffs raise two lines of argument that they failed to raise in their Motion. First, they argue that this Court should "bar the defendant from pursuing [§ 7(i)]." (Dkt. 301 at 19.) Plaintiffs failed to raise this argument in their Motion, and the request must be disregarded for this reason alone. Moreover, even if Plaintiffs had raised this argument, it would have been improper. This Court allowed and considered *extensive* argument on this exact issue, starting with the September 29, 2011 filing of Defendant's motions to decertify and for summary judgment on Kunstmann's claims. (Dkts. 218 and 219.) In their December 22, 2011 responses, Plaintiffs asserted arguments that Defendant waived § 7(i) and, even if it did not, that § 7(i)'s requirements were not met. (Dkts. 231 and 234.) Plaintiffs continued to argue these points on April 18, 2012, when they filed an unauthorized surreply that dedicated **45 pages** to the exact same arguments. (Dkt. 243.) After considering these arguments, the Court ruled on October 4, 2012 that § 7(i) "is not an affirmative defense that [Defendant] waived . . . ." (Dkt. 253 at 15.) If Plaintiffs wanted to question that ruling, the proper course would have been to file a motion for reconsideration within a reasonable time. They failed to do so.

Second, Plaintiffs argue in their Reply—again for the first time—that they should be afforded extra discovery not only on whether § 7(i) is satisfied, but also

2

on Defendant's "state of mind and whether [it] 'knew or showed reckless disregard' in classifying its GMs as exempt employees"—*i.e.*, the willfulness issue. (*Id.* at 16.) Plaintiffs failed to request such discovery in their Motion, nor have they requested it before. Even if they had raised this request, it would have been properly denied. Willfulness, or any other state of mind, has nothing to do with the adjudication of § 7(i), which is a technical method of paying employees in compliance with the pay requirements set forth in § 7 of the FLSA. An employer pays an employee in compliance with § 7(i), without exception, if the employee: (1) works in a retail sales or service establishment; (2) earns over 1.5 times the minimum wage; and (3) receives over half her compensation as commissions. Plaintiffs' effort to interject Defendant's state of mind into these technical requirements is merely an attempt to obfuscate the reality that they have failed to adduce evidence to carry their burden of proving an FLSA violation.

In sum, this Court should disregard and strike Plaintiffs' Reply because it violates the well-settled rule that parties are not allowed to raise new arguments or requests in a reply brief. Further, for reasons detailed in Defendant's response, Plaintiffs' Motion is due to be denied. (Dkt. 300) As Plaintiffs acknowledge, they were eager to proceed to trial on their claims and Defendant's defenses, ***including § 7(i)***, only months ago. (Dkt. 301 at 20.) To get there, they must first confront Defendant's motion for summary judgment on § 7(i). It is time for them to do so.

3

## RELEVANT BACKGROUND[1]

Filed on July 16, 2013, Plaintiffs open their Motion by explaining that Defendant has moved for summary judgment on four issues: "(1) [the] § 7(i) defense; (2) [the] 10 plaintiffs who failed to disclose [this lawsuit] in their bankruptcy proceedings . . . ; (3) . . . the issue of "willfulness"; and (4) . . . the calculation of damages." (Dkt. 294 at 1-2.) Continuing, Plaintiffs state that their Motion is filed pursuant to the Court's instruction at a July 11, 2013 conference that "if, in fact, [Plaintiffs'] counsel believed he needed additional discovery ***on the § 7(i) defense*** . . . , then he should file a motion . . . setting out the reasons . . ." (*Id.* (emphasis added).) In turn, Plaintiffs' Motion includes a request for additional discovery on the first of the four issues that they identified—§ 7(i).

On July 26, 2013, Defendant filed its response to Plaintiffs' Motion. (Dkt. 300.) As shown therein, there are three independently-sufficient reasons to deny Plaintiffs' Motion. ***First***, the Motion, which is comprised of a list of 13 vaguely-stated and open-ended questions that Plaintiffs purport to "need to discover the facts" on, fails to even attempt to present specific facts to show that postponing Defendant's summary judgment motion will allow Plaintiffs to rebut the motion. Thus, as Defendant explained, the Motion falls well short of the standard for Rule

---

[1] Defendant detailed the pertinent background leading up to Plaintiffs' Motion in its response thereto, filed July 26, 2013. (Dkt. 300.) Defendant incorporates that discussion along with the information herein, which pertains to the Motion itself.

56(d) motions, as elucidated by binding Eleventh Circuit precedent.  (*Id.* at 13-14.)

***Second***, Defendant showed that, even if Plaintiffs' course were proper, their Motion would still fail because their proffered questions have nothing to do with whether § 7(i)'s three technical elements are satisfied and, furthermore, several of the questions were already a focus of discovery.  (*Id.* at 14-19.)  For example, in one of their questions Plaintiffs ask, "*How does the GM compensation plan actually work?*"—yet, it was Plaintiffs who detailed the plan on May 4, 2009:

> In its [GM Compensation Plan], the "draw" system is explained as follows:
>
> *A [GM]'s compensation plan is based on the revenue and operating profits of a store.  A GM will receive a monthly level of income that approximates the anticipated financial performance of their store.  This form of compensation is called a "draw".  The "draw" system provides a set monthly amount of pay according to a published scale.  After the close of the P&L's for June and Dec. a review is conducted to compare the draw amount to the actual earned compensation based on the financial results of the store.  Pay adjustments are made where warranted.  If the store performance exceeds the monthly draw-a positive adjustment is made.  If the financial performance "pays" less than the draw-management has the right to reduce the draw amount.*
>
> As stated in their declarations, this is the plan under which . . . [GMs] are paid.
>
> Defendant sometimes refers to "salaried associates" as it does in its Pathway manual which gives specific instructions regarding time keeping and implicitly makes a distinction between its hourly employees and those not paid based on an hourly basis.  The Pathway manual, however, never explicitly identifies the compensation for its [GMs] as a "salary" or a "draw."  The opt-in plaintiffs acknowledge that Aaron's sometimes refers to the [GM]'s pay as a "salary" even though the actual plan under which the [GMs] are paid is explicitly called a "draw" form of compensation.  What is significant at this stage in the lawsuit is that plaintiffs have shown that defendant pays its [GMs] according to a single plan which it calls a "draw", regardless of how some employees are referred to in its Pathways manual.  The [GM Compensation Plan] is what controls the pay for the [GMs].  It is a single compensation plan for all [GMs].

(Pls.' Mot. to Reconsider, Dkt. 43 at 5-8 (internal citations omitted).)

*Third*, Defendant showed, even if Plaintiffs' Motion satisfied the governing standard, it is inexplicably and inexcusably late, having been filed *after a 22-month period* that began with a September 23, 2011 letter advising that Defendant would be asserting § 7(i) as a defense to the claims of Kunstmann and the rest of the Plaintiffs. (*Id.* at 19-20.) A number of critical events occurred in the ensuing 22 months, including, among others: (1) extensive briefing on whether § 7(i) was waived; (2) briefing on the merits of § 7(i) as to Kunstmann; (3) multiple mediations concerning § 7(i); (4) multiple conferences at which Defendant explained, Plaintiffs heard, and the Court acknowledged its plan to file a classwide dispositive motion on § 7(i); and (5) the filing of that motion. For this reason and the others noted above, Defendant showed, Plaintiffs' Motion is due to be denied.

On August 1, 2013, Plaintiffs filed their Reply. As they did in their Motion, Plaintiffs note that Defendant has moved for summary judgment on four issues—§ 7(i), bankruptcy, willfulness, and calculation of damages. (Dkt. 301 at 14.) But in a departure from their Motion, which focused on a request for extra discovery (allegedly) concerning § 7(i), Plaintiffs note in their Reply that the "[t]opics . . . wherein discovery is needed deal directly with *3 of the 4* pending summary judgment [issues]." (*Id.* at 14 (emphasis added).) Plaintiffs go on to argue that Defendant should be barred from asserting § 7(i) and, if not, then they should be afforded additional discovery not just on § 7(i), but also on willfulness. (*Id.* at 7,

14-17, 19, n.10.) Perhaps distracted by their own fiery rhetoric, Plaintiffs fail to respond to Defendant's Rule 56(d)-based arguments in anything more than a superficial fashion.

## ARGUMENT IN SUPPORT

This Court should disregard and strike Plaintiffs' Reply because it advances arguments not raised in their Motion. This includes new arguments in support of (1) reversing the Court's prior decision that Defendant did not waive § 7(i), and (2) in the alternative, reopening discovery under Rule 56(d) not only on the § 7(i) defense, but also on the issue of willfulness.

### I.     Legal Standard

A movant may not raise new arguments or requests in a reply brief. *See Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 143 (11th Cir. 1987) (striking portion of reply that was raised only by footnote in initial brief because "a party cannot argue an issue in its reply brief that was not preserved in its initial brief"); *Parker City Water Auth., Inc. v. North Fork Apts., L.P.*, No. 1:09-cv-00240, 2009 WL 4898354, at *1, n.2 (S.D. Ala. Dec. 14, 2009) (citing decisions from over 40 district courts applying the rule in 2009 alone); *Bus. Realty Inv. Co. v. Jefferson Cnty.*, No. 2:09-cv-01139, 2013 WL 3381374, at *1 (N.D. Ala. July 8, 2013) (Propst, J.) (noting that "magistrate judge would not consider new arguments raised in a reply brief"); *Continental Motors, Inc. v. Jewell Aircraft, Inc.*, 882 F.

7

Supp. 2d 1296, 1314 n. 26 (S.D. Ala. 2012) (similar). When a movant violates this rule, the proper course is to disregard and strike their reply arguments. *See Bowen*, *supra*; *see also Carter v. Austal, U.S.A., L.L.C.*, No. 1:08-cv-5928310, 2011 WL 3203761, at *5 (S.D. Ala. July 27, 2011) ("[B]ecause Austal failed to raise these arguments in its motion . . . , they will not be considered."); *Hardy v. Jim Walter Homes, Inc.*, No. 1:06-cv-00687, 2008 WL 906455, *8 (S.D. Ala. Apr. 1, 2008) ("[T]o avoid a scenario in which endless surreply briefs are filed . . . or a movant is incentivized to save his best arguments for his reply . . . , this Court does not consider arguments raised for the first time in a reply brief.").

**II.    This Court Should Disregard and Strike Plaintiffs' Reply Because it Includes Arguments Not Raised in Their Motion That Defendant Should Barred From Asserting § 7(i)**

In pages 13 and 19 of their Reply, Plaintiffs request that Defendant "be prohibited from using §7(i) . . . and once again ask the Court to bar the defendant from pursuing that provision." (Dkt. 301 at 7-13, 19.)[2] The analysis of the appropriateness of this request starts and ends with a simple fact: Plaintiffs failed to raise the request in their Motion. For this reason alone, Plaintiffs' new arguments should not be considered, and their Reply should be stricken.

Even if Plaintiffs had initially requested a finding that § 7(i) is waived, the

---

[2] The specific portions of the Reply that constitute new arguments on this request are identified in the chart attached hereto as Exhibit 1.

8

request would be improper.  The Court has long since considered argument on and decided the waiver issue.  Plaintiffs argued the point in their December 22, 2011 responses to Defendant's motions to decertify and for summary judgment on Kunstmann's claims.  (Dkt. 234 at 45-47; Dkt. 231 at 69-72.)  They continued to do so in an unauthorized surreply, filed April 18, 2012, in which, the Court explained, Plaintiffs "***spen[t] the entirety of 45 pages arguing against . . . § 7(i)***," including arguments that "Defendant did not . . . [timely] raise the defense . . . , but rather 'changed its mind' later . . . ," that this "constitutes a waiver," and, regardless, that "Defendant does not meet the requirements of § 7(i)."  (Dkt. 251 at 3 (emphasis added).)  Though it was filed "out of time and without permission," this Court ultimately allowed and considered the surreply.  (*Id.*)  On October 4, 2012, after hearing both sides, the Court issued an order finding—unequivocally—that § 7(i) "is not an affirmative defense that [Defendant] waived . . . . " (Dkt. 253 at 15.)[3]  Thus, the waiver issue has been extensively argued and specifically decided; a far-removed Rule 56(d) motion to reopen discovery—much less a reply in support thereof—is an improper means to attempt another bite at the apple.

---

[3] Plaintiffs did not timely move for reconsideration on this issue.  It is clear that Plaintiffs dislike what the Court has done with this issue.  There is no basis for Plaintiffs, however, to disregard protocol and rant about their perceived mistreatment.

**III.   This Court Should Disregard and Strike Plaintiffs' Reply Because it Includes Arguments Not Raised in Their Motion That They Should Be Afforded Additional Discovery on Willfulness**

At pages 14 through 17 of their Reply, Plaintiffs argue that they should be afforded discovery not only on Defendant's § 7(i) defense, but also on the issue of willfulness. (Dkt. 301 at 14-17.) Again, the analysis of this request starts and ends with the fact that Plaintiffs did not raise it in their Motion. They identified four summary judgment issues, including § 7(i) and willfulness, and requested discovery on only one—§ 7(i). (Dkt. 294 at 1-2.) For this reason alone, Plaintiffs' new arguments should not be considered, and their Reply should be stricken.

To avoid this result, Plaintiffs attempt to muddy the waters by suggesting that willfulness issues impact whether § 7(i) is satisfied, such that their request for extra discovery on § 7(i) was an implicit request for discovery on willfulness. It will not. Without exception, § 7(i) is satisfied if Plaintiffs' pay satisfies the exception's three technical requirements. *See* 29 U.S.C. § 207(i). Thus, as Defendant showed in its response to Plaintiffs' Motion, the questions Plaintiffs purport to need discovery on—including Nos. 1, 2, 5, 8, 9, 10, and 11, which relate to the circumstances of asserting § 7(i) as a defense (*e.g.*, "*Why did the defendant change its mind on claiming [§ 7(i)]?*")—have nothing to do with the summary judgment determination of § 7(i). (Dkt. 300 at 14-19.) Willfulness, or any other state of mind, has no bearing on § 7(i). As a result, extra discovery on the issue,

even if Plaintiffs had requested it, would not be warranted under Rule 56(d), which, as Defendant showed in response to Plaintiffs' Motion, requires Plaintiffs to conclusively justify with specific facts that extra discovery will allow them to defeat the pending summary judgment motion. (Dkt. 300 at 10-13.)

### IV.     This Court Should Not Condone the Rhetoric of Plaintiffs' Reply

While the reasons above are sufficient grounds to warrant disregarding and striking Plaintiffs' Reply, such relief is only further justified by the fact that the Reply is cast in an inflammatory and nonresponsive rhetoric—referring, for example, to Defendant's alleged "intentional misleading actions," "preposterous arguments," and "foolishness"—that that this Court should not condone. Plaintiffs exclaim, for example, that Defendant's response "does not present one valid reason why the plaintiffs should not be allowed to conduct [extra] discovery" and is "a smokescreen to cover up its own misbehavior." (Dkt. 301 at 19-20.) In fact, Defendant extensively detailed the Rule 56(d) standard, explained exactly why Plaintiffs fail to meet it, and explained the reasons that, even irrespective of the standard, Plaintiffs are not entitled to delay their response to Defendant's summary judgment motion to conduct extra discovery. (Dkt. 300.) Plaintiffs fail to confront Defendant's arguments in more than a cursory fashion, but their rhetoric speaks volumes:  They realize § 7(i) bars their class claims, and the result is a panicked response.  Plaintiffs have gone too far in their rhetoric, however, and this Court

would be justified to strike their Reply for such impropriety alone.

## CONCLUSION

For the foregoing reasons, this Court should disregard and enter an order striking Plaintiffs' Reply and proceed to decide their otherwise fully-briefed Motion. If, however, this Court should be inclined to allow the Reply, Defendant would request ten days' leave to file a surreply to address the arguments therein.

Respectfully submitted, this 14th day of August, 2013.

|  |  |
|---|---|
|  | s/ Brett C. Bartlett |
| Arnold Umbach (ASB-1932-M66A) | Brett C. Bartlett (Ga. Bar No. 040510)* |
| tumbach@starneslaw.com | bbartlett@seyfarth.com |
| STARNES DAVIS FLORIE | Robert C. Stevens (Ga. Bar No. 680142)* |
| 100 Brookwood Place, 7th Floor | bstevens@seyfarth.com |
| Birmingham, Alabama 35259-6834 | Kevin M. Young (Ga. Bar No. 183770)* |
| Telephone: (205) 868-6000 | kyoung@seyfarth.com |
|  | SEYFARTH SHAW LLP |
| Local Counsel for Defendant | 1075 Peachtree Street, N.E., Suite 2500 |
|  | Atlanta, Georgia 30309-3962 |
|  | Telephone: (404) 885-1500 |
|  |  |
|  | Lead Counsel For Defendant |
|  |  |
|  | *Admitted Pro Hac Vice |